# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-43-CJW-MAR |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| TANEA BROWNING, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the Court is the government's appeal of detention order. (Doc. 159). For the following reasons, the Court **grants** the government's appeal of the detention order.

## II. RELEVANT BACKGROUND

On March 5, 2025, a grand jury charged defendant in a superseding indictment with several counts. (Doc. 118). In Count 1, the grand jury charged defendant with conspiracy to distribute a controlled substance; specifically, methamphetamine and cocaine. (*Id.*, at 2–3). In Counts 2 and 3, the grand jury charged defendant with distribution of a controlled substance; specifically, cocaine. (*Id.*, at 4). In Count 7, the grand jury charged defendant with possession with intent to distribute a controlled substance—methamphetamine—and aiding and abetting possession with intent to distribute. (*Id.*, at 5–6).

On March 19, 2025, defendant pled guilty to Counts 1 (only as to cocaine), 2, and 3. (Doc. 143). The Court accepted defendant's guilty plea. (Docs. 145 & 169).

The parties' plea agreement included several factual stipulations. The parties stipulated the bare facts satisfying the elements of the three counts. That is, that defendant

1

joined a conspiracy to distribute cocaine (Count 1), and that defendant knowingly distributed cocaine on two separate dates in September 2023 (Counts 2 & 3). (Doc. 146-1, at 3–4). The two cocaine sales were controlled buys. (*Id.*).

There is evidence that defendant took one of her young children into the vehicle prior to one of the controlled buys. (Doc. 142-1, at 1).

The parties also stipulated to several more detailed facts. Specifically, on October 22, 2023, law enforcement officers stopped a vehicle being used by defendant and the other members of the conspiracy coming back (to the Cedar Rapids area presumably) from Chicago. (Doc. 146-1, at 4). Officers found twelve pounds of pure "ice" methamphetamine in the vehicle. (*Id.*).

On October 31, 2023, officers searched a residence belonging to defendant and another member of the conspiracy. The other member was also the father of defendant's children and a codefendant in this case, Lavelle Davies. Officers recovered $9,110 at the residence. (*Id.*).

On February 21, 2024, officers searched another residence, also belonging to defendant and Davies. Davies threw a loaded handgun with an obliterated serial number out the window. (*Id.*). Officers recovered $4,092 from the residence. (*Id.*). Among the cash were bills from both of the controlled buys from defendant. (Doc. 70, at 8–9).

Defendant is the sole parent and primary caregiver for her two young children at this time. At the time of the detention hearing, the children were seven-months and four years old. (Docs. 139-1 & 139-2). Defendant and her children live with defendant's mother, Christi Takes. (Doc. 150, at 28). Takes' fiancé and other children also live in the house. (*Id.*). The father of defendant's children, Davies, is incarcerated. (*Id.*). Takes testified at the plea and detention hearing that it is difficult for her to take care of defendant's younger child due to a combination of physical and environmental factors.

(*Id.*, at 29–30). Takes also indicated that, essentially, the others who live in the house are also not great options to take care of the children for one reason or another. (*Id.*).

At the plea and detention hearing, the government moved for defendant's detention pending sentencing. Defendant resisted and filed a motion for release pending sentencing. (Doc. 139). United States Magistrate Judge Mark A. Roberts ordered defendant released pending sentencing. (Docs. 143, at 1; 150, at 44).

On March 25, 2025, the government filed a motion to revoke Judge Roberts' order of release. (Doc. 159). Defendant filed a resistance. (Doc. 168).

### III.   STANDARD OF REVIEW

The government's motion for revocation of an order of release is governed by Title 18, United States Code, Section 3145(a)(1), which provides: "If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" District courts review a magistrate judge's detention or release order de novo. *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1123 (N.D. Iowa 2018) (citing *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc)); *United States v. Johnston*, No. 10-CR-102-LRR, 2010 WL 11425554, at *2 (N.D. Iowa Nov. 30, 2010).

### IV.   ANALYSIS

The issue is whether defendant must be detained pending sentencing. The Court must order a defendant who has been found guilty of certain offenses detained pending sentencing, with certain narrow exceptions. 18 U.S.C. § 3143(a)(2). One of the categories of offenses which carries mandatory detention pending sentencing (with narrow exceptions) is offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 3143(a)(2) (citing 18 U.S.C. § 3142(f)(1)(C)). The parties agree that defendant

fits that definition. (*See* Docs. 159-1, at 6–7; 168, at 2). Thus, defendant must be detained pending sentencing unless one of the exceptions applies.

There are two statutory exceptions which clearly do not apply here. The first applies if the Court finds there is a "substantial likelihood that a motion for acquittal or new trial will be granted[.]" 18 U.S.C. § 3143(a)(2)(A). Defendant pled guilty here, so the first exception does not apply. The second exception applies if the government recommends no sentence of imprisonment be imposed on the defendant. *Id.* The second exception is also not applicable here.

The fighting issue here comes under a third exception. Under Section 3145(c), a defendant "subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Defendant is subject to detention under Section 3143(a)(2).

To satisfy this exception, then, defendant must meet two requirements. First, defendant must satisfy the conditions of release set forth in Section 3143(a)(1). That is, it must be shown by clear and convincing evidence that defendant is "not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Judge Roberts found that defendant is neither a danger to the community nor a risk of nonappearance. (Doc. 150, at 41–42). The government does not argue otherwise in its motion or brief challenging Judge Roberts' order. (*See* Docs. 159 & 159-1). Thus, the Court will assume without deciding that defendant has satisfied the first element of the exception.

For the second requirement of the exception, it must be clearly shown that there are "exceptional reasons" why defendant's detention would not be appropriate. 18 U.S.C. § 3145(c). Under this second requirement, defendant's situation must be "clearly

4

Case 1:24-cr-00043-CJW-MAR    Document 174    Filed 04/22/25    Page 4 of 10

out of the ordinary, uncommon, or rare." *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (per curiam) (quoting *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004)).

Under Eighth Circuit precedent, defendant has quite a steep hill to climb to establish exceptional reasons here. The government lists numerous cases in its brief where a defendant has argued that it has exceptional reasons, only for the Eighth Circuit to reject each of the arguments. (Doc. 159-1, at 8–9). For example, the Eighth Circuit Court of Appeals held that the defendant did not have exceptional reasons when the defendant had a lack of criminal history, had complied with pretrial release, was paying child support for two young children, was taking mental health medication, and had ongoing employment. *See Larue*, 478 F.3d at 925–26. In another case, the Eighth Circuit held that when the defendant was a non-selling member of a drug conspiracy, had cooperated with the court and conducted herself properly, was helping her elderly parents, and did not pose any risk to the community if released, her circumstances were not "exceptional" under the statute. *See United States v. Schmitt*, 515 F. App'x 646, 646–47 (8th Cir. 2013) (per curiam).

Perhaps the case most on point is *United States v. Nickell*, 512 F. App'x 660 (8th Cir. 2013) (per curiam). In *Nickell*, the defendant—Nickell—had not used drugs in years, cooperated with law enforcement regarding his involvement in the crime, had full time employment, and was caring for three young children. *Id.* at 661. The district court denied the government's motion for Nickell's detention pending trial. Notably, the district court pointed to the fact that Nickell was taking care of his children and that he was gainfully employed. *Id.* The district court added that those were "[t]wo things we don't see very often around here." *Id.* The district court considered those extraordinary circumstances, denied the government's motion for detention, and ordered Nickell

released pending sentencing. *Id.* The Eighth Circuit reversed, holding that Nickell did not present exceptional reasons for release. *Id.* at 661–62.

Defendant rests her argument almost entirely on the fact that she is caring for her young children; and, more specifically, the fact that she is caring for her younger child, who is approximately nine months old at the time of this order. (Doc. 168, at 4–8). Defendant cites several articles in support of her argument here. They generally stand for the idea that a child and a caregiver form an important attachment in the period between the baby's seventh and eleventh or twelfth months. The articles also generally stand for the idea that separation of the child and caregiver during this period can have serious negative consequences for the child. (*Id.*, at 5–6). One of the articles provides a fair and succinct summation: "Today, researchers recognize that the early relationships children have with their caregivers play a critical role in healthy development." Kendra Cherry, *What Is Attachment Theory?*, Verywell Mind (last updated Jan. 29, 2025), https://www.verywellmind.com/what-is-attachment-theory-2795337.

If the Court were deciding this case with only the statutory language as authority, it may well hold that defendant's circumstances rise to the level of exceptional reasons why detention is not appropriate. Even if the Court were deciding this case based on a common understanding of "clearly out of the ordinary, uncommon, or rare," the standard the Eighth Circuit has set here, it may well side with defendant. Indeed, Judge Roberts noted that he has only ordered a defendant released pending sentencing under the present circumstances once in his time as a judge prior to this defendant. And defendant's position here is not an unreasonable one. The father of the children is incarcerated. The crimes to which defendant pled guilty are joining a conspiracy to distribute cocaine and selling relatively small amounts of cocaine twice. Defendant has apparently been

compliant with all of the release conditions to this point and has showed up for all court appearances.[1]

But, in this Court's view, the Eighth Circuit's caselaw has gone past a common understanding of the standard. The Court noted above that defendant has a steep hill to climb here. Under Eighth Circuit caselaw, the standard may be more like trying to crawl up Mount Everest on hands and knees. It is not entirely clear what would rise to the level of exceptional reasons under the caselaw in this circuit.

Paired with the Mount Everest standard is the fact that the court deciding the case initially apparently does not have any discretion. Defendant cites two out of circuit cases for the proposition that this Court has considerable discretion to release defendants prior to sentencing. (Doc. 168, at 2–3) (citing, *e.g.*, *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003)). The Eighth Circuit Court of Appeals would seem to disagree. The appeals court does not review district court decisions in this context for abuse of discretion—or, at least, it generally does not state that the review is for abuse of discretion. *See, e.g.*, *Nickell*, 512 F. App'x at 661.

Given the extremely high bar set by the Eighth Circuit's caselaw, in combination with the fact that this Court does not have much wiggle-room in the form of discretion, defendant must be detained pending sentencing. Simply put, this Court must follow the guidance of the Eighth Circuit Court of Appeals, and that court's caselaw points to detention here.

The *Nickell* case specifically largely undercuts defendant's arguments. Here, like in *Nickell*, defendant is caring for young children and has complied with release conditions. In *Nickell*, there was no mention of whether there was anybody who could care for the children in Nickell's stead. *See id.* Here, the evidence shows that, although

---

[1] Of course, complying with pre-trial release conditions and showing up for court appearances is expected. Still, this behavior should be at least a minor factor in the analysis here.

defendant's mother could care for the children, several factors—mainly, defendant's mother's health—will make it quite difficult for defendant's mother to do so.[2] Nevertheless, there is, at least, an option to take care of the children, even if it is not a great option, or the best option. Also here, as in *Nickell*, the judge presiding over the hearing made a comment about how rare the circumstances are in comparison to other cases the judge sees. *Compare* (Doc. 150, at 44) (Judge Roberts noting that it was only the second time he had released a defendant pending sentencing in this situation), *with Nickell*, 512 F. App'x at 661 (district court noting that full time employment along with taking care of three young children is not something the judge sees very often). But the Eighth Circuit in *Nickell* reversed the district court, concluding that Nickell's circumstances did not present exceptional reasons for release pending sentencing. 512 F. App'x at 661–62. The circumstances here are simply too similar to those in *Nickell* to rule otherwise.

Defendant attempts to distinguish *Nickell* by noting that there was "no indication in *Nickell* that any of the children were infants and bonding with a care giver." (Doc. 168, at 7). Indeed, the *Nickell* opinion only notes that Nickell was caring for three young children; it did not give any more detail. 512 F. App'x at 661. Here, of course, defendant's younger child has not yet turned one year old. But the details that are missing from the *Nickell* opinion illuminate what that court found material. That is, the age of the children was not important enough for that court to include in the opinion—clearly,

---

[2] This situation illustrates why the Magistrate Judge and/or district court judge should have some discretion in ruling on this matter. Judge Roberts presided over the detention hearing in this case. He saw defendant's mother testify at the hearing. This Court or an appeals court can only read the transcript. The transcript shows that defendant's mother was having enough trouble walking that Judge Roberts allowed her to testify from what seems to have been a counsel table—presumably so she would not have to walk the extra 10–20 feet to the witness stand. (*See* Doc. 150, at 27–28). Judge Roberts had a much better view of the situation than somebody reading the transcript ever could.

the court did not rest its conclusion on the children's ages. In fact, at least one of the children in *Nickell* could have been an infant. The point is, the Eighth Circuit Court of Appeals did not find exceptional reasons for release when a parent was taking care of three young children. In light of the holding in *Nickell*, it would be difficult to conclude that caring for two children—even where one of the children is an infant—constitutes exceptional reasons for release.

Notably, although the Court included language above that could be construed as critical of the Eighth Circuit's caselaw in this area, this holding is not entirely unreasonable. First, other courts have concluded that these types of family problems are not grounds for release pending sentencing. *See Kaquatosh*, 252 F. Supp. 2d at 777 ("District courts considering requests under § 3145(c) have often rejected applications for release based on 'purely personal' circumstances, such as hardship to the defendant's family or employer, on the theory that such hardships are typical consequences of incarceration."). This is a reasonable general legal principle to proceed from, even if this Court thinks there should be more discretion granted to district courts under certain circumstances, perhaps including the circumstances of this case.

Second, the Court's holding here is not entirely inequitable. It is, of course, tragic that this child will be without its mother and primary caretaker at a crucial time in the child's development. But, as noted in the *Kaquatosh* case, hardship on family is often one of the consequences of criminal behavior. The direct victims are almost never the only victims of crimes—others, like family members of victims and family members of offenders, also suffer. Further, defendant did take her child to a drug deal, and one of the children was at the house when a search warrant was executed. And the search revealed money from drug proceeds, as well as a gun which the children's father threw out the window. Defendant apparently did not have the gun, but the children were in a situation where drug deals and guns were present. Even if this Court would prefer to

9

allow defendant's release pending sentencing, largely based upon the situation with the infant, the outcome here cannot be said to be entirely unjust.

Thus, the government's motion to revoke defendant's release pending sentencing (Doc. 159) is **granted**.

Given the situation, however, the Court will give defendant a couple weeks to get her affairs in order. Clearly, as shown at the plea and detention hearing, the situation with defendant's children—especially the infant—is not an easy one. There is not a great option to take care of the children at a moment's notice. Thus, the Court will give defendant two weeks from the date of this order before she must go into custody.

## V. CONCLUSION

For the reasons stated above, the Court **grants** the government's motion. (Doc. 159). Defendant's release pending sentencing is revoked. Defendant must surrender to the United States Marshal in the United States Courthouse in Cedar Rapids no later than 10:00 a.m., on May 6, 2025.

**IT IS SO ORDERED** this 22nd day of April, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa